# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| **EMILIO ENRIQUEZ,** § § *Plaintiff*, § § **v.** § § **WESTCHESTER SURPLUS LINES** § **INSURANCE COMPANY,** § *Defendant*. § | **CASE NO.:** |

## NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION:**

Pursuant to 28 U.S.C. § 1441, Defendant Westchester Surplus Lines Insurance Company ("Westchester") hereby removes the action styled and numbered *Emilio Enriquez, LLC v. Westchester Surplus Lines Insurance Company*, Cause No. CI-2024A-020, pending in the 222nd Judicial District Court of Deaf Smith County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I.   THE STATE COURT ACTION

1. On or about January 16, 2024, Plaintiff, Emilio Enriquez ("Plaintiff") filed a Citation and its Original Petition in the 222nd Judicial District Court of Deaf Smith County, Texas in a case styled *Emilio Enriquez v. Westchester Surplus Lines Insurance Company*, Cause No. CI-2024A-020.

2. Plaintiff's Original Petition names Westchester as the only defendant in this action.[1]

## II. NOTICE OF REMOVAL IS TIMELY

3. Westchester was served with Plaintiff's Original Petition on February 2, 2024. Accordingly, Westchester files this Notice of Removal within the 30-day time frame required by 28 U.S.C. § 1446(b).

## III. VENUE IS PROPER

4. Venue is proper in the United States District Court for the Northern District of Texas, Amarillo Division under 28 U.S.C. §§ 124(d)(3) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## IV. BASIS FOR REMOVAL JURISDICTION

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Westchester, and the amount in controversy exceeds $75,000 excluding interest and costs.

6. Plaintiff is a Texas resident who resides in Deaf Smith County, Texas. Plaintiff is a citizen of Texas for purposes of this Court's diversity jurisdiction.[2]

7. Westchester is a surplus lines insurance company domiciled in Georgia, with its principal place of business in Pennsylvania. Consequently, Westchester is a citizen of the state of Georgia and the state of Pennsylvania for purposes of this Court's diversity jurisdiction.

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit C-1**.

[2] *See* Plaintiff's Original Petition, attached as **Exhibit C-1, ¶ 1.**

10600775.1

8. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiff and Westchester.

## V. AMOUNT IN CONTROVERSY

9. If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Westchester's burden is satisfied.[3]

10. When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[4]

11. The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[5] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[6]

12. In its Petition, Plaintiff seeks monetary relief of $250,000 or less."[7]

13. Thus, Plaintiff's claims exceed the minimum jurisdictional requirement of $75,000.00. Because there is complete diversity among the parties and the amount in controversy

---

[3] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[4] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[5] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[6] *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

[7] *See Plaintiff's Original Petition,* attached as **Exhibit C-1, ¶ 6.**

requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## VI. COMPLIANCE WITH LOCAL RULE LR 81.1

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be promptly filed with the clerk of 222nd Judicial District Court of Deaf Smith County, Texas.

15. All pleadings, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

16. In compliance with Local Rule 81.1, the following documents are attached:

   A. an index of all documents attached to this Notice that clearly identifies each document and indicates the date the document was filed in state court (if applicable)—identified as Exhibit A:

   B. a copy of the docket sheet in the state court action—identified as Exhibit B;

   C. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date)—identified as Exhibit C-1 through C-4;

   D. a signed disclosure statement and certificate of interested persons for Defendant Westchester that complies with Local Rules 3.1(c) and 7.4—identified as Exhibit D;

## VII. CONCLUSION

WHEREFORE, Defendant Westchester Surplus Lines Insurance Company requests that this action be removed from the 222nd District Court of Deaf Smith County, Texas to the United States District Court for the Northern District of Texas, Amarillo Division, and that this Court enter such further orders as may be necessary and appropriate.

10600775.1

Dated: March 4, 2024

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By:  */s/ Ramy Elmasri*
**RAMY ELMASRI, ESQ.**
Texas Bar No. 24051690
2929 Allen Parkway American General Center, Ste 200
Houston, TX 77019
Phone: 346.229.4616
relmasri@clausen.com
pbaker@clausen.com
jcox@clausen.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4 2024, I electronically filed the foregoing document with the Clerk of Court via CM/ECF. I also certify that the forgoing document is being served this day on all counsel of record.

**CLAUSEN MILLER P.C.**

By:  */s/ Ramy Elmasri*
**RAMY ELMASRI, ESQ.**
Texas Bar No. 24051690